J-S62044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ADERONKE OYETAYO | |
| Appellee | No. 358 EDA 2014 |

Appeal from the Order Dated December 18, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006576-2013

BEFORE:  ALLEN, J., OLSON, J., and OTT, J.

MEMORANDUM BY OTT, J.:                               **FILED APRIL 15, 2015**

The Commonwealth appeals from the order entered on December 18, 2013, in the Court of Common Pleas of Delaware County, dismissing the charges against Aderonke Oyetayo because of a violation of the statute of limitations.  In this timely appeal, the Commonwealth argues the trial court incorrectly applied 1 Pa.C.S. § 1933.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we reverse and remand for further proceedings.

On September 10, 2013, the Office of the Inspector General filed a criminal complaint against Oyetayo, claiming she had, in violation of 62 P.S. § 481(a), willfully misrepresented material facts to obtain $14,996.31 in subsidized child care benefits.  These benefits were paid between October 15, 2007 and October 29, 2008.  Specifically, it was alleged she failed to

inform the Delaware County Child Services Office that her husband was employed by Montgomery County and had earned in excess of $42,000.00 during that period.

Relevant to this appeal, 62 P.S. § 481 provides:

(a) Any person who, either prior to, or at the time of, or subsequent to the application for assistance, by means of a wilfully false statement or misrepresentation, or by impersonation or by wilfully failing to disclose a material fact regarding eligibility or other fraudulent means, secures, or attempts to secure, or aids or abets or attempts to aid or abet any person in securing assistance, or Federal food stamps, commits a crime which shall be graded as provided in subsection (b).

62 P.S. § 481(a).

At the December 17, 2013, pre-trial conference, counsel for Oyetayo moved for dismissal of charges based upon a violation of the statute of limitations. Section 481(d) provides: "There shall be a four-year statute of limitations on all crimes enumerated in subsection (a)." The September 10, 2013 filing of charges based upon a violation of Section 481(a) was more than four years later than the last date charged, that being October 29, 2008. Accordingly, Oyetayo sought dismissal of the charges.

The Commonwealth countered by claiming the actual statute of limitations was found at 42 Pa.C.S. § 5552(b)(4), which states in relevant part,

**(b) Major offenses.--**A prosecution for any of the following offenses must be commenced within five years after it is committed:

>     (4) Under the act of June 13, 1967 (P.L. 31, No. 21), known as the Public Welfare Code.

42 Pa.C.S. § 5552(b)(4). It is undisputed that 62 P.S. § 481 is part of the Public Welfare Code.

Counsel for Oyetayo argued that when there is an irreconcilable conflict between statutory provisions, the specific takes precedence over the general. The trial court agreed with Oyetayo's argument based upon 1 Pa.C.S. § 1933[1] and dismissed the charges, although it did not specifically reference this statute.

In this timely appeal, the Commonwealth argues the trial court failed to correctly apply the specific/general rule. The Commonwealth asserts application of Section 1933 results in the use of the five-year statute of limitations. Section 1933 states, *in toto*:

>     Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S. § 1933.

Oyetayo's argument before the trial court sought the application of the provision's mandate that "the special provisions shall prevail and shall be

---

[1] This provision is part of the Statutory Construction Act, 1 Pa.C.S. §§ 1501-1991.

construed as an exception to the general provision." *Id*. The Commonwealth argues that the trial court failed to recognize the exception set forth in Section 1933,[2] that, "unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail." *Id*.

Relevant to the Commonwealth's argument, the legislative history of Section 481 demonstrates it was enacted, "1967, June 13, P.L. 31, No. 21, art 4, § 481." 62 Pa.C.S. § 481. The legislative history of Section 5552 shows it was enacted, "1976, July 9, P.L. 586, No. 142, § 2, effective June 27, 1978." Section 5552 was clearly enacted later than Section 481, and the language of Section 5552(4) also clearly indicates the five-year statute of limitations will apply to any violation of the Public Welfare Code. We believe this later enactment demonstrates the manifest intention of the General Assembly that the general provision shall prevail. Therefore, we agree with the Commonwealth that a proper application of 1 Pa.C.S § 1933 results in the determination that the five-year statute of limitations is applicable to the instant offense.

Notwithstanding the above analysis, we are compelled to address Oyetayo's claim the Commonwealth has overlooked the fact that in 1996,

---

[2] Although the Commonwealth did not make this specific argument before the trial court on December 17, 2013, the argument was raised in the Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal. Accordingly, the argument has not been waived.

twenty years after the enactment of Section 5552, the General Legislature amended Section 481. The text of the amended bill included subsection (d), the four-year statute of limitations. *See* Act of May 16, 1996, P.L. 175, No. 35. § 17. Oyetayo argues the fact that the 1996 amendment included the currently disputed Section 481(d) statute of limitations proves the legislature intended the four-year statute of limitations to prevail. Had the legislature intended for the five-year general statute of limitations to apply, the legislature could have deleted subsection (d) from the amended bill. Rather, subsection (d) is included in the text of the amended bill in regular font. Oyetayo notes that, relevant to the instant appeal, additions to the law were shown in bold typeface, while those portions of the bill that were intended to remain unchanged and in effect are in regular typeface.

While this is an interesting argument, it is also incomplete. Accepting, if only for the sake of argument, Oyetayo's position regarding the effect of the inclusion of subsection (d) in the text of the amended bill, we are also required to examine the text of subsequent amendments to Section 5552. Subsequent to the May 16, 1996 amendment of Section 481, Section 5552 has been amended eight times.[3] We have located the text of the amended

---

[3] 1998, Dec. 21, P.L. 1086, No. 405; 2000 Dec. 20, P.L. 976, No. 136; 2001, Nov. 21, P.L. 844, No. 86.; 2002, June 28, P.L. 518, No. 86; 2004, Nov. 30, P.L. 1428, No. 185; 2006, July 7, P.L. 378, No. 81; 2006, Nov. 29, P.L. 1581, No. 179; and 2008, Oct. 17, P.L. 1628, No. 131.

bills, similar to that which Oyetayo directed us to regarding Section 481. Both the 2000 and 2001 amended bills included the five-year statute of limitations found at subsection (b)(4). The five-year statute of limitations is also included in the latest publication of Section 5552. *See* Purdon's Pennsylvania Statues and Consolidated Statutes Annotated, 42 Pa.C.S. § 5552, 2014 Cumulative Annual Pocket Part. Pursuant to Oyetayo's own logic, the subsequent inclusion in 2000 and 2001 of the five-year statute of limitations in the text of the amended bills, as well as the current inclusion of the five-year statute of limitations in the latest publication of the act, demonstrates the legislature's reassertion of its intent to have the five-year statute of limitations prevail.[4]

The last date of a violation of Section 481 charged in the Complaint was October 29, 2008. The Complaint was filed on September 10, 2013, within five years of the last date charged. We have determined that the

_____

[4] We question Oyetayo's argument regarding the effect of the text of amended bills. First, none of the amendments cited herein changed the relevant statute of limitations. It is possible that the relevant subsections were included in the text of the amended bills only to provide context. However, if inclusion of the relevant language indicated the intent to reaffirm the four-year statute of limitations, then in 1967 the statute of limitations for a violation of Section 481 was four years. In 1978, the effective date of Section 5552, the statute of limitations became five years. In 1996, with the amendment of Section 481, the statute of limitation returned to four years. Finally, in 2000, with the amendment of Section 5552, the statute of limitations once more became five years. We are not convinced the legislature intended the statute of limitations to fluctuate in such a manner. In either event, our analysis leads to the conclusion that the five-year statute of limitations prevails.

five-year statute of limitations applies to violations of 62 P.S. § 481. Accordingly, the trial court erred in dismissing the charges against Oyetayo.

Order reversed. Charges are reinstated. This matter is remanded for further action consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2015